**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Happy Camper Pizzeria LLC | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| James Neumann, Glass Half Full 7th Street LLC | ) |
| d/b/a Camp Social | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Happy Camper Pizzeria LLC, by and through its attorneys, for its complaint

against Defendants, James Neumann, an individual; and Glass Half Full 7th Street LLC d/b/a

Camp Social, hereby states as follows:

1.  This action is for (a) federal trademark infringement of a registered trademark under the

Lanham Act, 15 U.S.C. §1114; (b) federal unfair competition under the Lanham Act, 15 U.S.C.

§1125; (c) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and

the Uniform Deceptive Trade Practices Act, 815 ILCS 505/1 et seq.; 815 ILCS 510/1 et seq., and

(d) unfair competition under Illinois common law.

**Jurisdiction and Venue**

2.  This action arises under the Lanham Act, 15 U.S.C. §§1051 et seq. This Court has

jurisdiction in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.

3.  This Court has supplemental jurisdiction over the claims in this action which arise under

statutory and common laws of the State of Illinois pursuant to 28 U.S.C. §1367, since the state

law claims are so related to the federal claims that they form part of the same case or controversy

and derive from a common nucleus of operative fact.

4.  Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this district. Moreover, Defendants have committed tortious acts in this district, James Neumann resides or can be found in the district, and/or, as further described below, have engaged in activities that subject Defendants to the jurisdiction of this Court.

## Parties

5.  Plaintiff, Happy Camper Pizzeria LLC ("Happy Camper") is an Illinois corporation operating a restaurant located at 1209 N. Wells Street, Chicago, Illinois.

6.  Defendant, Glass Half Full 7th Street LLC d/b/a Camp Social is an Arizona limited liability company operating a restaurant located at 6107 N. 7th Street, Phoenix, Arizona.

7.  Defendant, James Neumann is an individual who, on information and belief, resides in Chicago, Illinois. James Neumann is listed as managing member and registered agent for Camp Social in Arizona.

8.  James Neumann is also listed as managing member and registered agent for Glass Half Full Wells Street, LLC at 451 N. Racine, 2nd Floor, Chicago, Illinois 60642.

## General Allegations

9.  The Happy Camper restaurant opened in November 2015 in the Old Town neighborhood of Chicago, Illinois. Happy Camper serves pizza and traditional American bar foods.

10. Happy Camper incorporates a camping theme throughout the restaurant. The design elements include, but are not limited to, tire swings at the bar, tackle boxes used as table caddies, a drive-in theatre marquee, a game area, camping trailers inside the restaurant used for the hostess stand, DJ booth, and a dining areas with lights on the ceiling to emulate a starry sky.

These elements constitute Happy Camper's unique and distinctive trade dress.

11. Happy Camper is the owner of United States Trademark Registration No. 5,154,010 for the mark HAPPY and Design mark on the Principal Register. The HAPPY and Design mark consists of a silhouette of a camping trailer with the word HAPPY appearing in its lower right quadrant.



12. The mark was first used on November 4, 2015. The registration is in class 30 for pizza, class 39 for food delivery, and class 43 for restaurant services. See Exhibit A.

13. Happy Camper also owns United State Trademark Registration No. 5,245,318 for the word mark HAPPY CAMPER on the Principal Register. The mark was first used on November 4, 2015. The registration is in class 39 for food delivery and 43 for restaurant services. See Exhibit B.

14. Happy Camper's federal registrations are prima facie evidence of the validity of the marks as well as its exclusive right to use the marks in commerce in connection with the goods and services specified in the certificate.

15. Together, the trade dress and registered marks comprise the HAPPY CAMPER brand.

16. The Happy Camper brand has become, through substantially exclusive and continuous use, an asset of substantial value as a source identifier of Happy Camper, its quality goods and services, and its goodwill.

17. Happy Camper is part of a restaurant group that plans to expand its brand to western states.

18. Defendant, James Neumann owns and operates restaurant groups in Illinois and Arizona with restaurants located in the Old Town neighborhood of Chicago, Illinois, and in Arizona, namely in Phoenix and the Old Town neighborhood of Scottsdale.

19. These restaurant groups operate under variations of the name Glass Half Full. Although these businesses are registered under separate names, the public identifies them as one entity operating in Illinois and Arizona.

20. Articles published on Glass Half Full's restaurants often describe the close connection between Neumann, Glass Half Full and restaurants located in Chicago and Arizona. These articles are published by news outlets located in both Illinois and Arizona.

21. James Neumann and Glass Half Full Wells Street, LLC opened an Alice in Wonderland themed restaurant called The Rabbit Hole in September 2016 in the Old Town neighborhood of Chicago. The Rabbit Hole is located directly across the street from Happy Camper at 1208 N. Wells Street.

22. Defendants' were on notice of Happy Camper's rights by virtue of its federal registrations. The location of The Rabbit Hole provided Defendants with the opportunity to witness the success and growing value of the Happy Camper brand, including its distinctive trade dress.

23. Neumann, as a manager of Glass Half Full, had knowledge of and the right to supervise Camp Social's infringing activities and he did actively supervise those activities.

24. The conduct of Camp Social described below, was performed and accomplished through the direction, control and direct supervision of James Neumann, personally. He had the ability to

4

prevent Camp Social from infringing Plaintiff's mark and trade dress. Accordingly, in addition to being directly liable for participating in and authorizing infringing actions, Neumann is personally liable to Plaintiff as a joint and/or contributory infringer.

25. The Camp Social restaurant opened on June 23, 2017 in Phoenix, Arizona. Camp Social serves pizza and traditional American bar foods. By virtue of the fact that Defendant Neumann operated a restaurant directly across the street from the Happy Camper restaurant, Defendants were fully aware of Plaintiff's trademark and distinctive trade dress and its camping look and theme.

26. With full knowledge of Plaintiff's Happy Camper trade mark, Defendants have adopted and are using in commerce a trademark which consists of a silhouette of a camping trailer above the words CAMP SOCIAL.



27. Defendants' design mark is confusingly similar to Happy Camper's design mark. Both marks prominently feature the silhouette of a camping trailer. Both trailers are a similar shape and have horizontal lines across the body. A comparison of the marks is shown below:




5

28. Defendants have intentionally incorporated into their Camp Social restaurant distinct elements of Happy Camper's trade dress. These features include, but are not limited to, tire swings at the bar, a nearly identical drive-in theatre marquee, a game area, and camping trailers inside the restaurant used for hostesses, entertainment and dining areas.

29. Camp Social displays a neon sign of their trailer design with the phrase "Be a Happy Camper":

 

30. A further indication of Defendants' intentional infringement of Plaintiff's trademark and trade dress and of Defendants' intent to trade on Plaintiff's goodwill is seen in the fact that Defendants placed on the premises of Camp Social an actual camper of virtually identical design as the camper depicted in Plaintiff's logo. The camper used by Defendants originally copied not only the style of Plaintiff's camper but also painted the word "Happy" on the side in the exact same font so as to mimic the look of Plaintiff's trademark:

 

Only after receiving Plaintiff's complaints about likelihood of confusion did Defendants remove the word "Happy" from the camper.

31. The goods and services provided by Defendants are identical or closely related to those listed in Happy Camper's federal registration.

32. On or around late July, 2017, a Happy Camper customer inquired whether the owners had opened another camping themed restaurant in Arizona.

33. By letter dated June 20, 2017, shortly after learning about the impending opening of Defendants' Camp Social restaurant, Happy Camper requested Defendants to cease and desist all further use of the design mark and confusingly similar trade dress. On July 13, 2017, in response to a letter from Defendants, Happy Camper again demanded that Defendants cease using its design mark and trade dress.

34. Despite these demands, Defendants have refused to stop using these elements and continue to use them in connection with restaurant services.

## COUNT I
## Federal Trademark Infringement

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. Defendants are using their design mark in commerce with identical services to those provided by Plaintiff under its registered mark, HAPPY and Design.

37. Defendants' use of their mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection or association of Defendants' with Happy Camper. The consuming public is likely to believe that Defendants' restaurant originates with Happy Camper, are licensed, sponsored or approved by Happy Camper, or in some way connected with or related to Happy Camper, in violation of 15 U.S.C. §1114(1)(a).

38. Happy Camper has no control over the nature and quality of the goods or services sold or advertised by the Defendants. Any failure, neglect, or deficiencies by the Defendants in providing such goods or services will reflect adversely on Happy Camper as the believed source or origin thereof, thereby hampering efforts by Happy Camper to continue to protect its outstanding reputation for high quality goods and services, resulting in harm to Happy Camper's reputation and other damages.

39. As a direct and proximate result of Defendants' actions and conduct, Happy Camper has suffered and will continue to suffer irreparable injury to its business and reputation for which there is no adequate remedy at law and, thus, Happy Camper is entitled to injunctive relief.

40. Defendants have profited and continue to profit from its acts of infringement at the expense of Happy Camper's goodwill, and Happy Camper is entitled to Defendants' profits in an amount to be determined at trial.

41. Defendants' past and continued activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the goodwill of Happy Camper's brand.

## COUNT II
## Federal Unfair Competition (Trade Dress Infringement)

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, as through fully set forth herein.

43. Defendants have, without consent or authorization from Happy Camper, used and continue to use the Happy Camper's trade dress in connection with restaurant services.

44. Defendants' acts and conduct alleged above are likely to cause confusion, to cause mistake, or to deceive consumers as to affiliation, connection or association of Defendants with Happy Camper. The consuming public is likely to believe that Defendants' restaurant originates with Happy Camper, are licensed, sponsored or approved by Happy Camper, or in some way

connected with or related to Happy Camper in violation of 15 U.S.C. §1125.

45. As a direct and proximate result of Defendants' actions and conduct, Happy Camper has suffered and will continue to suffer irreparable injury to its business and reputation for which there is no adequate remedy at law, and, thus, Happy Camper is entitled to injunctive relief.

46. Defendants have profited and continue to profit from its acts of infringement at the expense of Happy Camper's goodwill, and Happy Camper is entitled to Defendants' profits in an amount to be determined at trial.

47. Defendants' past and continued activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the goodwill of Happy Camper's brand.

**COUNT III**
**State Law Deceptive Trade Practices**

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47, as through fully set forth herein.

49. By committing the acts alleged above, Defendants have engaged in unfair or deceptive acts or practices, namely passing off goods or services as those of Happy Camper; causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' goods or services; ; causing a likelihood of confusion or misunderstanding as to affiliation, connection or association with Happy Camper; and otherwise engaging in conduct creating a likelihood of confusion or of misunderstanding. These are in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 and the Uniform Deceptive Practices Act, as adopted by Illinois, 815 ILCS §510/2.

50. As a direct and proximate result of Defendants' actions and conduct, Happy Camper has suffered and will continue to suffer irreparable injury to its business and reputation for which there is no adequate remedy at law and, thus, Happy Camper is entitled to injunctive relief.

51. Defendants have profited and continue to profit from its acts of infringement at the expense of Happy Camper's goodwill, and Happy Camper is entitled to Defendants' profits in an amount to be determined at trial.

52. Defendants' past and continued activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the goodwill of Happy Camper's brand.

## COUNT IV
## Common Law Unfair Competition

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 52, as through fully set forth herein.

54. As a result of the confusing similarity between Happy Camper's brand and Defendants' marks and trade dress and the similarity of the goods and services of Happy Camper and Defendants, the Defendants' use in commerce of the design mark and trade dress is an infringement of Happy Camper's exclusive rights. Defendants' use is likely to cause confusion and mistake in the minds of the public with respect to the origin, source, and affiliation of Defendants' goods and services.

55. Defendants' use of their design mark and trade dress to identify its goods and services has been and continues to be an infringement of Happy Camper's property rights in and to its Happy Camper brand and the common law rights accorded to Happy Camper by virtue of its prior use of the mark and trade dress.

56. As a direct and proximate result of Defendants' actions and conduct, Happy Camper has suffered and will continue to suffer irreparable injury to its business and reputation for which there is no adequate remedy at law.

57. Defendants have profited and continue to profit from its acts of infringement at the expense of Happy Camper's goodwill, and Happy Camper is entitled to Defendants' profits in an

amount to be determined at trial.

58. Defendants' past and continued activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the goodwill of Happy Camper's brand.

**<u>Prayer for Relief</u>**

WHEREFORE, Happy Camper prays this Court enter a judgment and order:

A.      Preliminary and permanent injunctions enjoining Defendants, its officers, agents, employees, and any other person or entity in active concert or participation with them, i) from using in any way their design mark or any other trademark or trade dress so similar to Happy Camper's brand as to be likely to cause confusion, mistake or deception; and ii) from unfairly competing with Happy Camper in any manner.

B.      Requiring Defendants to deliver up and destroy all signage, advertisements, promotions, and all other matter in the custody or control of Defendants that bears the design mark, or any other mark or trade dress that is likely to be confused with the Happy Camper brand.

C.      Judgment against Defendants and in favor or Happy Camper for any and all damages pursuant to 15 U.S.C. §1117, state law, and the common law, specifically including but not limited to: i) monetary damages sustained by Happy Camper, ii) any revenues and/or profits earned as a result of the unlawful acts of Defendants, and iii) costs and reasonable attorney's fees incurred in this action.

D.      Granting Happy Camper such other further relief as this Court may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,


By: /s/ William T. McGrath
One of Plaintiff's attorneys

William T. McGrath
Amy T. Adler
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312-332-3033

Of Counsel
Stephen C. Voris
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
Suite 2100
Chicago, Illinois 60611
312-840-7018